IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUN 19 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**ORLANDO MCLEAN,**

        Plaintiff,

v.                                    **CIVIL ACTION NO. 2:08cv434**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        Defendant.

## *ORDER*

On September 12, 2008, Orlando McLean ("Plaintiff") brought this action under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments based on disability under the Social Security Act ("the Act").

On December 2, 2008, this matter was referred to a United States Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. On April 16, 2009, the Magistrate Judge filed his report recommending that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge.

On May 26, 2009, Plaintiff filed "objections and exceptions" to the Report and Recommendation.[1] However, Plaintiff does not object to any specific findings or conclusions in the report; instead, he challenges the Commissioner's final decision and the October 28, 2005 decision of the Administrative Law Judge. Attached to Plaintiff's "objections" are extra-record evidence in the form of medical records confirming Plaintiff's diagnoses, laboratory and test results, listings of Plaintiff's medications and prescriptions, and medical opinions. Because Plaintiff's submission does not contain any specific objections that the Court can address, the Court finds that there are no objections to consider. Further, because the attached evidence is neither relevant nor material, the Court need not consider such cumulative evidence in its review of the report.[2]

The Court hereby accepts the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed on May 26, 2009. It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**. The Commissioner's decision is **AFFIRMED** and this case is **DISMISSED**.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to Plaintiff and

---

[1] Although Plaintiff was initially represented by counsel, Plaintiff filed the instant "objections" as a *pro se* litigant. Accordingly, such objections have been liberally construed. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

[2] Section 405(g) of the Act provides that "[t]he court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence, which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...." With the exception of the recent medical opinions, all of the evidence Plaintiff offers was before the Commissioner, Administrative Law Judge, and Magistrate Judge. The medical opinions not previously submitted, however, offer no new or different evidence concerning Plaintiff's medical condition during the relevant period.

counsel of record for Defendant.

**IT IS SO ORDERED.**

                                                                  Raymond A. Jackson
                                                                   United States District Judge

Norfolk, Virginia
June 19, 2009